IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARREL COX and ) <br> JACQUELINE NEWMAN ) <br> ) <br> Plaintiffs, ) <br> ) <br> -vs- ) <br> ) <br> THE CITY OF CHICAGO; and UNKNOWN ) <br> CHICAGO POLICE OFFICERS, ) <br> ) <br> Defendants. ) | Case No.: <br><br> **Jury Trial Demanded** |

## COMPLAINT AT LAW

**NOW COMES** Plaintiffs DARREL COX (hereinafter referred to as "COX") and JACQUELINE NEWMAN (hereinafter referred to as "NEWMAN") ("Plaintiffs") by and through their attorney Keenan J. Saulter, of Saulter Law P.C., and for their Complaint against Defendants THE CITY OF CHICAGO and several UNKNOWN CHICAGO POLICE OFFICERS pursuant to 42 U.S.C. § 1983, states as follows:

## OVERVIEW

1. This action arises out of an incident that occurred at the Plaintiffs home located at 2419 W. Adams St., Apt B, Chicago, Illinois 60612 on October 12, 2018.

2. As a result of this incident, Plaintiffs were emotionally scarred and traumatized as several Defendant UNKNOWN CHICAGO POLICE OFFICERS unlawfully entered their home.

1

3. Plaintiff COX was unlawfully arrested and brutalized (including having his head violently slammed down on his own front porch—when he had committed no crime).

## PLAINTIFFS

4. Plaintiffs were residents of the Northern District of Illinois, Eastern Division at the time of the incident (and they remain residents here as of the filing of this action).

## DEFENDANTS

5. Defendant THE CITY OF CHICAGO, is a Municipal Corporation under the laws of the State of Illinois.

6. The Defendant UNKNOWN CHICAGO POLICE OFFICERS were employees of the Chicago Police Department (hereinafter referred to as "Defendant Chicago Police Officers") at the time of the incident.

## JURISDICTION AND VENUE

7. This action arises under 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction of Plaintiffs' state law claims.

8. Venue in the United States District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the Defendants are subject to personal jurisdiction in this judicial district and all of the events that give rise to the case occurred in this judicial district.

## VICARIOUS LIABILITY

9. Whenever in this complaint it is alleged that a defendant did any act or thing, it is meant that the defendant's agents, officers, servants, borrowed servants, employees or representatives did such act or thing and that the time such act or thing was done, it was done with the full authorization or ratification of defendant or was done in the normal and routine course and scope of employment of defendant's officers, agents, servants, borrowed servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

10. The Defendant Chicago Police Officers were and are employees of the Defendant THE CITY OF CHICAGO who acted within the scope of their employment when committing the actions and omissions detailed above.

## *RESPONDENT SUPERIOR* – STATE LAW

11. In committing the acts and omissions alleged herein, the Defendant Chicago Police Officers were at all times members and agents of the Chicago Police Department and the Defendant THE CITY OF CHICAGO and were acting within the scope of their employment.

12. The Defendant CITY OF CHICAGO is, therefore, liable as principal for all common law torts by its agents within the scope of their employment.

## INDEMNIFICATION – STATE LAW

13. Illinois law, 745 ILCS 10/9-102, directs public entities to pay any common law tort judgment for compensatory damages for which employees are held liable within the scope of their employment activities.

14. The Defendant Chicago Police Officers that illegally searched Plaintiffs were at all times relevant employees of the Defendant THE CITY OF CHICAGO who acted within the scope of their employment when committing the actions and omissions detailed herein.

## FACTS COMMON TO ALL COUNTS

15. On the evening of October 12, 2018, Plaintiff COX was at the home he shared with his mother Plaintiff NEWMAN at 2419 W. Adams St., Apt B, Chicago, Illinois 60612 and heard a loud thud towards the back of their home.

16. Upon hearing this, Plaintiff COX went to the back door and didn't see anyone, so he went back to the front of his home.

17. At the front door, he saw a Defendant Unknown Chicago Police Officer kick in one of the doors to his home.

18. As this was occurred, COX observed another squad car driving up in front of his home.

19. Plaintiff COX was then standing on his front porch as he was approached by various Defendant Unknown Chicago Police Officers.

20. Plaintiff COX then asked one of the Defendant Unknown Chicago Police Officers what was going on.

21. The Defendant Unknown Chicago Police Officer did not respond only pushed past him on the Plaintiffs' front porch.

22. Following the inquiry by Plaintiff COX, multiple Defendant Unknown Chicago Police Officers accosted COX, attacked him and slammed on his head on his own front porch.

23. Plaintiff COX had not committed any criminal offenses nor did he do anything to warrant the brutality used against him by the Defendant Unknown Chicago Police Officers.

24. The Defendant Unknown Chicago Police Officers then unlawfully searched the Plaintiffs' home without a search warrant.

25. The Defendant Unknown Chicago Police Officers damaged and destroyed various personal property, physical items, walls and doors inside the Plaintiffs' home.

26. The Defendant Unknown Chicago Police Officers left holes all over the Plaintiffs' home and they ripped doors off their hinges.

27. Plaintiff COX (as a result of being accosted by multiple Defendant Unknown Chicago Police Officers and slammed on his head) suffered a traumatic brain injury and various other physical injuries to his head, face, neck, shoulders and torso.

## COUNT I – UNLAWFUL SEARCH AND SEIZURE
## FOURTH AMENDMENT VIOLATION—COX and NEWMAN

28. Plaintiffs re-allege all paragraphs 1 through 27 above and incorporate them into this count by reference.

29. The Defendant Unknown Chicago Police Officers' unauthorized entry and search violated Plaintiffs' COX and NEWMAN Fourth Amendment Rights to be free from unreasonable searches of their persons or home on during the subject incident.

30. The Defendant Chicago Police Officers seizure of Plaintiff COX lated Plaintiffs' Fourth Amended Rights against an unlawful seizure.

31. Under the circumstances, Defendant Chicago Police Officers' displays of force was totally unnecessary, unreasonable and unjustifiable.

32. The Defendant Unknown Chicago Police Officers' misconduct was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

33. The Defendant Unknown Chicago Police Officers' conduct toward the Plaintiffs was undertaken with willful and wanton disregard for the rights of others.

34. The Defendant Unknown Chicago Police Officers acted with actual intention or with a conscious disregard or indifference for the consequences when the known safety and health of Plaintiffs was involved.

35. The Defendant Unknown Chicago Police Officers acted with actual malice, with deliberate violence, willfully or with such gross negligence as to indicate a wanton disregard for the rights of others.

36. The Defendant Unknown Chicago Police Officers illegally searched the Plaintiffs' home, without a search warrant.

37. As the direct and proximate result of The Defendant Unknown Chicago Police Officers' misconduct, Plaintiffs have suffered and continued to suffer severe, long-term emotional and mental distress and trauma, including lasting or permanent psychological injury.

38. One or more the Defendant Unknown Chicago Police Officers had a reasonable opportunity to prevent or stop the violations of Plaintiffs constitutional rights but stood by and failed to take any action.

39. In light of the character of The Defendant Unknown Chicago Police Officers' actions toward Plaintiffs and the lasting or permanent psychological injury that Defendants' conduct has caused Plaintiffs, defendants' conduct merits an award of punitive damages.

40. The actions of the Defendant Unknown Chicago Police Officers in unlawfully entering the Plaintiffs' home on October 12, 2018 constituted an unreasonable search of the Plaintiffs' home.

41. Additionally, the conduct of physically abusing Plaintiff COX as well as falsely arresting and imprisoning him showed a willful and wanton conscious disregard for his rights.

## COUNT II – FALSE IMPRISONMENT – STATE LAW—COX

42. Plaintiffs re-allege paragraphs 1 through 41 above and incorporate them into this count by reference.

43. The manner in which the Defendant Unknown Chicago Police Officers conducted their entry into, and search of Plaintiffs' home was objectively reasonable, in violation of their rights.

44. The Defendant Chicago Police Officers entered Plaintiffs' home (including his porch area) and tackled, slammed him on his head and handcuffed Plaintiff COX when he did not pose a threat and placed him under arrest.

45. This arrest was unlawful and without legal cause or justification.

46. The Defendant Unknown Chicago Police Officers acted without having reasonable grounds to believe that an offense was committed by Plaintiff COX.

47. Plaintiff COX had his personal liberty or freedom of locomotion unlawfully restrained.

48. As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant Unknown Chicago Police Officers, the Plaintiff COX suffered damages.

49. The Defendant Unknown Chicago Police Officers' conduct toward Plaintiff COX was undertaken with willful and wanton disregard for the rights of others.

50. The Defendant Unknown Chicago Police Officers' actions toward Plaintiff COX and the lasting or permanent psychological injury that Defendants'

conduct has caused Plaintiff COX, defendants' conduct merits an award of punitive damages.

### COUNT III – ASSAULT – STATE LAW—COX

51. Plaintiffs re-allege paragraphs 1 through 50 and incorporate them into this count by reference.

52. The actions of the Defendant Unknown Chicago Police Officers set forth above, created reasonable apprehension in Plaintiff COX of immediate harmful contact to Plaintiff COX's person by the Defendants.

53. The Defendant Unknown Chicago Police Officers intended to bring about apprehension of immediate harmful contact in Plaintiff COX or knew that their actions would bring such apprehension.

54. In the alternative, the conduct of the Defendant Unknown Chicago Police Officers was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

55. The conduct of the Defendant Unknown Chicago Police Officers in illegally entering a home are generally associated with a risk of serious injuries. Numerous prior injuries have occurred to civilians in this context.

56. The Defendant Unknown Chicago Police Officers failed to take reasonable precaution after having knowledge of impending danger to Plaintiff COX

57. The Defendant Unknown Chicago Police Officers' actions were the direct and proximate cause of Plaintiff COX's apprehension.

58. Plaintiff COX has been seriously harmed by the Defendant Unknown Chicago Police Officers' actions.

59. In light of the character of the Defendant Unknown Chicago Police Officers' actions toward Plaintiff COX and the lasting or permanent psychological injury that Defendants' conduct has caused Plaintiff, defendants' conduct merits an award of punitive damages.

## COUNT IV – BATTERY – STATE LAW—COX

60. Plaintiffs re-allege paragraphs 1 through 59 and incorporate them into this count by reference.

61. The actions of the Defendant Unknown Chicago Police Officers set forth above, including assaulting and handcuffing Plaintiff COX by force constituted an unwarranted physical touching.

62. The Defendant Unknown Chicago Police Officers intentionally took these actions.

63. In the alternative, the conduct of the Defendant Unknown Chicago Police Officers was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of Plaintiff COX

64. Plaintiff COX has been seriously harmed by the Defendant Unknown Chicago Police Officers' actions.

65. In light of the character of the Defendant Unknown Chicago Police Officers' actions toward Plaintiff COX and the lasting or permanent psychological injury that Defendants' conduct has caused Plaintiff COX, defendants' conduct merits an award of punitive damages.

### COUNT V – INVASION OF PRIVACY – STATE LAW—COX and NEWMAN

66. Plaintiffs re-allege paragraphs 1 through 65 above and incorporate them in this count by reference.

67. By entering the Plaintiffs' home when Defendant Chicago Police Officers did not have probable cause to believe that a crime had been committed by the residents of that home, the Defendant Unknown Chicago Police Officers physically invaded Plaintiffs' right to and enjoyment of exclusive possession of their residence.

68. In the alternative, the conduct of the the Defendant Unknown Chicago Police Officers willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for Plaintiffs right to and enjoyment of exclusive possession of their residence.

69. The Defendant Unknown Chicago Police Officers' actions caused a physical invasion of Plaintiffs' residence.

70. Plaintiffs' were harmed by The Defendant Unknown Chicago Police Officers' physical invasion of their resident.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – STATE LAW—COX

71. Plaintiffs re-allege paragraphs 1 through 70 above and incorporate them in this count by reference.

72. The actions, omissions and conduct of the Defendant Unknown Chicago Police Officers set forth above were extreme and outrageous and exceeded all bounds of human decency.

73. The Defendant Unknown Chicago Police Officers' actions, omissions and conduct above were undertaken with the intent to inflict and cause severe emotional distress to Plaintiffs, with the knowledge of the high probability that their conduct would cause such distress, or in reckless disregard of the probability that their actions would cause such distress.

74. As a direct and proximate result of the Defendant Unknown Chicago Police Officers' extreme and outrageous conduct, Plaintiff COX suffered and continue to suffer long-term, severe emotional distress and trauma.

75. The conduct of the Defendant Unknown Chicago Police Officers was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

76. The Defendant Unknown Chicago Police Officers conduct was a proximate cause of Plaintiff's injuries and their extreme, severe, long-term emotional distress and trauma.

## COUNT VII—NEGLIGENT (RECKLESS) INFLICTION OF EMOTIONAL DISTRESS – STATE LAW

77. Plaintiffs re-allege paragraphs 1 through 76 above and incorporate them in this count by reference.

78. The actions, omissions and conduct of the Defendant Unknown Chicago Police Officers set forth above were extreme and outrageous and exceeded all bounds of human decency.

79. The conduct of the the Defendant Unknown Chicago Police Officers showed an utter indifference to or conscious disregard for the safety of others and/or their property.

80. The Defendant Unknown Chicago Police Officers' actions, omissions and conduct above were undertaken with the intent to inflict and cause severe emotional distress to Plaintiffs, with the knowledge of the high probability that their conduct would cause such distress, or in reckless disregard of the probability that their actions would cause such distress.

81. As a direct and proximate result of The Defendant Unknown Chicago Police Officers' extreme and outrageous conduct, Plaintiff COX suffered and continue to suffer long-term, severe emotional distress and trauma.

82. The conduct of the Defendant Unknown Chicago Police Officers was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

83. In the alternative, the Defendant Unknown Chicago Police Officers owed Plaintiff a duty of care that they breached when they entered his home and brutalized him.

84. Plaintiff is victims of Defendant Chicago Police Officers' negligent (reckless) infliction of emotional distress.

85. Defendant the Defendant Unknown Chicago Police Officers' conduct was a proximate cause of Plaintiffs' injuries and their extreme, severe, long-term emotional distress and trauma.

### COUNT VIII – TRESPASS – STATE LAW—COX and NEWMAN

86. Plaintiffs re-alleges paragraphs 1 through 85 above and incorporate them in this count. Plaintiffs assert this claim against the Defendant Unknown Chicago Police Officers.

87. The Defendant Unknown Chicago Police Officers did not have a search warrant to search for the missing friend at the Plaintiffs residence, Defendant Chicago Police Officers physically invaded Plaintiffs' right to and enjoyment of exclusive possession of their residence.

88. Furthermore, the conduct of Defendants was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

89. The Defendant Unknown Chicago Police Officers' actions caused a physical invasion of Plaintiffs' residence.

90. Plaintiffs were harmed by the Defendant Unknown Chicago Police Officers' physical invasion of their residence.

## PRAYER FOR RELIEF (ALL COUNTS)

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and litigation costs and expenses; and

d. Such other or further relief as the Court deems just and proper.

                                                                                                                        Keenan J. Saulter

Keenan J. Saulter
**Saulter Law P.C.**
900 Ridge Road, Suite 3SE
P.O. Box 1475
Homewood, Illinois 60430
708.573.0060 Telephone
708.573.0061 Facsimile
kjs@saulterlaw.com