UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARREL COX and JACQUELINE NEWMAN,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF CHICAGO, et al.,<br><br>Defendants. | No. 20 CV 6075<br><br>Judge Manish S. Shah |

ORDER

Defendants' motion to dismiss, [23], is granted. Plaintiffs' claims are dismissed with prejudice. Enter judgment and terminate civil case.

STATEMENT

Darrel Cox and Jacqueline Newman sue the City of Chicago and police officers Michael Donnelly and Joseph Cappello under Illinois law and 42 U.S.C. § 1983. They say that Donnelly and Cappello assaulted Cox and unlawfully searched their home. Defendants move to dismiss all of plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The court must construe all factual allegations as true and draw all reasonable inferences in plaintiffs' favor. *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 893 (7th Cir. 2018).

On the night of October 12, 2018, Cox was at the home he shared with his mother, Newman, when Chicago police officers arrived. [13] ¶¶ 15–17.* An officer kicked in the door, *id.* ¶ 17, and officers attacked Cox, slamming his head. *Id.* ¶¶ 21–22. As a result of the assault, Cox suffered a traumatic brain injury and other harms. *Id.* ¶ 27. The officers also searched plaintiffs' home without a warrant, causing damage. *Id.* ¶¶ 24–26.

---

* Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings.

Plaintiffs bring claims for unlawful search and seizure in violation of the Fourth Amendment. *Id.* ¶¶ 28–41. Cox and Newman also bring claims under Illinois law for invasion of privacy, negligent infliction of emotional distress, and trespass. *Id.* ¶¶ 66–70, 77–90. Cox alone brings claims for false imprisonment, assault, and battery. *Id.* ¶¶ 42–65. Plaintiffs filed their original complaint on October 12, 2020, exactly two years after the events in question. [1]. Cox and Newman named the City of Chicago and "Unknown Chicago Police Officers" as defendants. *Id.* Plaintiffs filed an amended complaint on February 10, 2021, naming Donnelly and Cappello as defendants in place of the "Unknown Chicago Police Officers." [13]. Defendants move to dismiss the complaint and argue that plaintiffs' claims are untimely. [23]. Plaintiffs did not file a response to the motion.

In Illinois, the statute of limitations for § 1983 claims is two years. *See Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016) (citing 735 ILCS 5/13-202; *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). A § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Behav. Inst. of Indiana, LLC, v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (citation omitted); *see Pitts v. City of Kankakee, Illinois*, 267 F.3d 592, 595 (7th Cir. 2001) (with respect to a § 1983 claim, "[n]ormally, the statute begins to run from the date of an injury").

Newman's and Cox's § 1983 claims are time-barred. These claims accrued on October 12, 2018, when Cox and Newman knew or should have known that their constitutional rights had been violated. Plaintiffs filed their complaint within the two-year statute of limitations, but didn't identify the officers in question. [1]. Plaintiffs' failure to name individual Chicago police officers before the § 1983 statute of limitations expired means that they cannot amend the complaint to name those officers, and their amended complaint does not relate back to the original. *See* Fed. R. Civ. P. 15(c); *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) ("[S]uing a John Doe defendant is a conscious choice, not an inadvertent error."); *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) ("Not knowing a defendant's name is not a mistake under Rule 15."). Because the City of Chicago cannot be held liable under § 1983 "based on a theory of respondeat superior or vicarious liability," and the amended complaint does not allege municipal liability under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), plaintiffs' § 1983 claims against the city also fail. *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007)). Count I is dismissed.

Ordinarily, when the only claim under federal law is dismissed, the court should relinquish jurisdiction over supplemental state-law claims. 28 U.S.C. § 1367(c)(3); *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). But here, the untimeliness of plaintiffs' state law claims is readily apparent, defendants asserted the untimeliness in their motion, and plaintiffs failed to respond. The statute of limitations for plaintiffs' Illinois claims is one year. *See* 745 ILCS

2

§ 10/8-101; *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (citations omitted) ("Illinois local governmental entities and their employees ... benefit from a one-year statute of limitations for 'civil actions' against them."). Because plaintiffs suffered their injuries on the night the police arrived and they knew the cause of those injuries, plaintiffs' state-law claims accrued on October 12, 2018. *See Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013) (Personal injury claims in Illinois accrue "when the victim first suffers injury and knows its cause."); *Golla v. Gen. Motors Corp.*, 167 Ill.2d 353, 360 (1995). Cox and Newman had one year to file their state-law claims, but did not do so until two years had passed. [1]. Because the City of Chicago "is not liable for an injury resulting from an act or omission of its employee where the employee is not liable," 745 ILCS 10/2-109, state-law claims under theories of respondeat superior or vicarious liability against the city are not actionable. *See Ybarra v. City of Chicago*, 946 F.3d 975, 981 (7th Cir. 2020). Counts II–VIII are dismissed.

Even though "the pleading rules favor decisions on the merits rather than technicalities," that principle has limits. *Standard v. Nygren*, 658 F.3d 792, 800–01 (7th Cir. 2011). One of those limits is that when the allegations show that it was filed late, a complaint can be dismissed. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (citation omitted) (While statute of limitations is ordinarily an affirmative defense, dismissal is appropriate under Rule 12(b)(6) where claims are "indisputably time-barred."). Plaintiffs have not sought leave to further amend their complaint or offered any argument for tolling the statute of limitations. By failing to respond to defendants' motion they have forfeited any argument in opposition. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

The amended complaint is dismissed with prejudice.

ENTER:

Date: October 5, 2021

Manish S. Shah
U.S. District Judge